IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL WILLIAM DRIGGERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0229-N |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendants' Motion for Protective Order and Brief in Support* (doc. 24), filed May 17, 2011. Based on the relevant filings and applicable law, the motion is **GRANTED**.

### I. BACKGROUND

Paul William Driggers, a federal inmate ("Plaintiff"), sues the United States of America, the Criminal Division of the U.S. Department of Justice, the Executive Office of the United States Attorneys, and the Federal Bureau of Investigation (collectively "Defendants"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. (doc. 1, p. 1.) He seeks production of records related to his criminal conviction, his claim of actual innocence, and jurisdictional issues with respect to the grand jury proceeding in his criminal case. (*Id.*)

On March 28, 2011, the Court issued an order for scheduling proposals, and after considering the parties' proposals, it issued a standard scheduling order on April 11, 2011. The scheduling order set deadlines for completion of discovery and filing of discovery motions. On April 26, 2011,

Plaintiff served Defendants with interrogatories, requests for production, and requests for admissions, seeking detailed information from the records requested, as well as their opinions and conclusions regarding that information. (doc. 25.) Defendants now move for a protective order staying all discovery until the Court has had an opportunity to review a summary judgment motion and accompanying submissions. (doc. 24.)

## II. ANALYSIS

Defendants argue that courts do not generally allow discovery in FOIA cases, and typically resolve them through motions for summary judgment accompanied by affidavits, declarations, or a *Vaughn* index. (Mot. Br. at 2-5.)

The FOIA requires government agencies to make their records available to the public and embodies a general philosophy of full disclosure by the agency. *See* 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, the agency in question must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. 5 U.S.C. § 552(a) and (b). A district court can enjoin an agency from withholding agency records, and can order the production of those records, if they do not fall under any of the nine exemptions. 5 U.S.C. § 552(a)(4)(B). The agency bears the burden of establishing that the withheld documents fall within a claimed exemption. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

In FOIA actions, courts routinely delay discovery until after the government has filed a motion for summary judgment and has had a chance to present the court with the information necessary to make a decision on the applicable exemptions. *See Lane v. Dep't of Interior*, 523 F.3d

1128, 1134 (9th Cir. 2008); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). The government may present the information in the form of detailed affidavits which are entitled to a presumption of good faith, or a more detailed *Vaughn* index. *See Batton*, 598 F.3d at 178-79; *Rugiero*, 257 F.3d at 544. Only after the government has filed its "affidavits and supporting memorandum of law" can a factual issue arise that is properly the subject of discovery. *Murphy v. F.B.I.*, 490 F.Supp. 1134, 1137 (D.D.C. 1980). Even where discovery is permitted, it is most often limited "to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Public Citizen Health Research Group v. Food & Drug Admin.*, 997 F.Supp. 56, 72 (D.D.C. 1998), *aff'd in part*, *rev'd on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *see also Schiller v. I.N.S.*, 205 F.Supp. 2d 648, 653-54 (W.D. Tex. 2002).

Here, Plaintiff's discovery seeks detailed information from the withheld records as well as Defendants' opinions and conclusions related to that information. Allowing Plaintiff to conduct this discovery before Defendants file a motion for summary judgment would essentially provide the relief he seeks through this lawsuit. Only after they file a motion for summary and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely. *See Taylor v. Babbitt*, 673 F.Supp. 2d 20, 23 (D.D.C. 2009) ("Postponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forgo it entirely").[1]

---

[1] Plaintiff contends that some of the discovery he seeks goes to the illegality of the underlying activities which generated the documents at issue and involves already available public information. He argues that the information would help him prove that the government agents constructed a case against him by unlawful means. As noted, even where discovery is permitted, it is most often limited "to investigating the scope of the agency search for responsive documents,

3

## III. CONCLUSION

Defendants' motion for protective order is **GRANTED**, and discovery is stayed until the Court has an opportunity to review the summary judgment motion and accompanying submissions. The scheduling order dated April 11, 2011 is hereby **VACATED**.

**SO ORDERED on this 18th day of July, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

the agency's indexing procedures, and the like" *Public Citizen*, 997 F.Supp. at 72. The discovery that Plaintiff seeks far exceeds the limited scope of discovery usually allowed in a FOIA case. *See Schiller*, 205 F.Supp. 2d at 654.