IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PAUL WILLIAM DRIGGERS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:11-CV-0229-N |
| § | |
| **UNITED STATES OF AMERICA, et al.,** § | |
| § | |
| **Defendants.** § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the court is Plaintiff's *Motion to Strike Defendants' Untimely Supplementary Filings*, filed September 29, 2011 (doc. 47). Based on the relevant filings and applicable law, the motion is **DENIED**.

**I. BACKGROUND**

Paul William Driggers, a federal inmate ("Plaintiff"), filed this action against the United States of America, the Criminal Division of the U.S. Department of Justice, the Executive Office of the United States Attorneys (EOUSA), and the Federal Bureau of Investigation (FBI) (collectively Defendants), under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. (doc. 1.) Plaintiff essentially seeks disclosure of documents responsive to FOIA requests to the FBI as well as a FOIA request to the EOUSA for grand jury records.

The scheduling order governing this case requires all dispositive motions to be filed no later than August 29, 2011. (doc. 21.) Defendants filed a motion for summary judgment on July 14, 2011. (docs. 30-32.) Plaintiff responded to the motion on August 3, 2004, and filed his cross-motion for

summary judgment the following day. (docs. 35 & 36.) On August 12, 2011, Defendants filed a reply in support of their motion and also included their response to Plaintiff's cross-motion, which was not due by operation of Local Civil Rule 7.1 until August 25, 2011. (doc. 38.) In that filing, they admitted to, and apologized for, mistakenly arguing that Plaintiff's request for the grand jury proceedings had been raised for the first time in his complaint, and acknowledged that Plaintiff had made such a request to the EOUSA for not only grand jury transcripts, but also for other information in the grand jury file. (*See id.*) They pointed out that their first motion for summary judgment had addressed the grand jury transcript, and that EOUSA was working on a declaration establishing the adequacy of its search and the reasons for non-disclosure of the other grand jury material requested. (*Id.*) They also announced their plans to file a motion for leave to supplement their motion for summary judgment. (*Id.*)

On September 12, 2011, Defendants filed their motion for leave to supplement their motion for summary judgment to expand on their prior arguments concerning the grand jury transcripts and to proffer a declaration. (doc. 41.) They specifically requested leave under Fed. R. Civ. P. 15(a)(2) and (d), Fed. R. Civ. P. 6(b)(1)(B), and Local Civil Rule 56.7 to supplement their motion outside the deadline for dispositive motions. Their request was granted on September 14, 2011 (doc. 42), and they filed their supplement on September 15, 2011 (doc. 43).[1] On September 21, 2011, Plaintiff filed a response to the supplement (doc. 46), and on August 29, 2009, moved to strike the allegedly authorized supplement (doc. 47). Both filings alleged that the motion to supplement was untimely, filed in bad faith, and would cause undue delay and unfair prejudice.

---

[1]Contrary to Plaintiff's assertion, the proposed supplement was not filed on the same date as the motion for leave. Rather, a copy of the proposed supplement was attached to the motion for leave to file a supplement. This is consistent with Local Civil Rule 15.1, which provides that a copy of a proposed amended pleading must be attached to a motion for leave to file an amended pleading.

2

## II. ANALYSIS

Federal Rule of Civil Procedure 6(b)(1)(b) provides that the court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" in the context of Rule 6(b)(1)(b) "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Its determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See id.*; *McCarty v. Thaler*, 2010 WL 1752037, at *1 (5th Cir. 2010). These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Pioneer*, 507 U.S. at 395; *Jones v. Powell*, 2010 WL 3909278, at * 2 (S.D. Tex. Sept. 29, 2010). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty*, 2010 WL 1752037, at *1 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

Here, there is excusable neglect for Defendants' failure to timely supplement their dispositive motion. First, they have explained their reason for the delay. They state that they mistakenly argued in their summary judgment motion that Plaintiff's request for the grand jury proceedings had been raised for the first time in his complaint, and that they failed to realized their mistake until receiving his response and cross-motion for summary judgment on August 3 and 4 respectively. Second, there is no evidence that Defendants acted in bad faith in supplementing the motion outside the dispositive

motions deadline. The fact that they addressed the exemption applicable to grand jury transcripts in their first motion shows that any remaining omission related to the request was inadvertent and not bad-faith procedural posturing. This is further bolstered by the fact that they supplemented their motion only to include a declaration regarding the adequacy of the search and the reasons for their search, and not to raise some new argument or exemption. Third, there is no undue delay from Defendants' untimely supplementation. They gave notice that they would seek leave to supplement the motion for summary judgment before the motion became ripe, and filed their supplement within 16 days of the deadline for filing dispositive motions. Fourth and foremost, there is no prejudice to Plaintiff from the untimely supplement. Defendants' motion for summary judgment placed him on notice of their stance regarding the grand jury material, their reply to the motion placed him on notice that they would seek leave to supplement the motion, and he had an adequate opportunity to respond to the supplement with additional argument and evidence.

Defendants have shown excusable neglect for their failure to timely supplement their motion for summary judgment. They were therefore properly allowed to supplement their motion outside the dispositive motion deadline set forth in the scheduling order.[2]

### III. CONCLUSION

Plaintiff's *Motion to Strike Defendants' Untimely Supplementary Filings* is **DENIED**.

**SO ORDERED** on this 26th day of October, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule 56.7 contemplates supplemental briefs, authorities, and evidence, and allows them upon leave of court. It specifically provides that "[e]xcept for the motions, responses, replies, brief, and appendixes required by these rules, a party may not without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."